# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ROBERT SANDERS,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>BIG 5 CORP.,<br><br>    Defendant. | Case No. 2:17-cv-01098-RSM<br><br>ORDER DENYING PLAINTIFF-INTERVENOR ROBERT SANDERS' MOTION TO PRECLUDE EXPERT TESTIMONY |

THIS MATTER comes before the Court on Plaintiff-Intervenor Robert Sanders' Motion to Preclude Expert Testimony. Dkt. #48. The Court considered the following:

    1.    Plaintiff-Intervenor Robert Sanders' Motion to Preclude Expert Testimony;

    2.    Defendant Big 5 Corp.'s Opposition to Plaintiff-Intervenor Robert Sanders' Motion to Preclude Expert Testimony;

    3.    Declaration of Francis L. Van Dusen in Support of Big 5 Corp.'s Opposition to Plaintiff-Intervenor Robert Sanders' Motion to Preclude Expert Testimony and the exhibits attached thereto;

4. Declaration of Eric Olson in Support of Big 5 Corp.'s Opposition to Plaintiff-Intervenor Robert Sanders' Motion to Preclude Expert Testimony and the exhibits attached thereto; and

5. Plaintiff-Intervenor Robert Sanders' Reply in Support of Motion to Preclude Expert Testimony.

Having fully considered the matter and the files and records herein, the Court hereby finds and ORDERS:

Plaintiff-Intervenor Robert Sanders' Motion to Preclude Expert Testimony (Dkt. #48) is DENIED without prejudice. The Court disagrees with Defendant that a meet and confer was required prior to Plaintiff filing the instant motion. Local Civil Rule 37(a)(1) requires a meet and confer prior to a motion to compel discovery or for a protective order. The instant motion was neither of those. However, for the reasons discussed by Defendant in its opposition, the Court finds that Defendant's untimely disclosure was justified under the circumstances of this case, and is harmless given that Plaintiff Sanders has had access to his own electronic devices throughout this matter, has significantly delayed in providing those devices to Defendant for examination, appears to have intentionally damaged those devices prior to providing them to Defendant's expert, and may depose the proposed expert once any opinions are offered. Moreover, at this time, it is not clear that the proposed expert will even be offered at trial in this matter.

DATED this 30th day of July, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE